# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2021

Lyle W. Cayce
Clerk

No. 20-40465
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE ALEJANDRO CHAIRES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:19-CR-2438-3

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Jose Alejandro Chaires appeals his convictions and within-guidelines range sentences for one count of conspiracy to conceal, harbor, or shield illegal aliens within the United States and three counts of concealing, harboring, or shielding illegal aliens within the United States.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40465

In his first issue, Chaires argues that his trial counsel was ineffective because counsel (1) convinced him to plead guilty even though he is innocent, (2) did not fully explain his constitutional rights to him, (3) did not file written objections to the presentence report (PSR), and (4) should have negotiated and obtained a written plea agreement. He did not raise these claims in the district court, and the record is not sufficiently developed to allow the court to consider them. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Accordingly, we decline to consider these claims without prejudice to Chaires's right to raise them in a 28 U.S.C. § 2255 motion. *See id*.

Next, Chaires argues that the district court erred in applying a four-level enhancement under U.S.S.G. § 2L1.1(b)(5)(B) based on its finding that his coconspirators brandished a firearm during the offense. Here, the PSR provided that, at the time of Chaires's arrest, agents found a loaded firearm with eight rounds of ammunition in the magazine inside the stash house. According to three material witnesses, two of Chaires's coconspirators possessed a firearm and used the firearm to intimidate them. Chaires did not present any evidence to rebut the facts in the PSR, and the district court was therefore entitled to rely on those facts to make its sentencing determinations. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). Given the information contained in the PSR, the district court did not clearly err in finding that it was reasonably foreseeable to Chaires that his coconspirators would use and brandish a firearm. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764-65 (5th Cir. 2008); U.S.S.G. § 1B1.3(a)(1)(B).

AFFIRMED.